**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
Rentech WP U.S. Inc.,                                        :    Case No. 17-12958 (_____)
                                                             :
        Debtor.                                      :    Tax I.D. No. 46-2647863
                                                             :
------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
Rentech, Inc.                                                :    Case No. 17-12959 (_____)
                                                             :
        Debtor.                                      :    Tax I.D. No. 84-0957421
                                                             :
------------------------------------------------------------ x

**DEBTORS' MOTION FOR ORDER UNDER**
**FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1**
**AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby file this motion (this "**Motion**") for entry of an order, under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Paul Summers, Chief Financial Officer of Rentech WP U.S. Inc. and Rentech, Inc., in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court concurrently herewith (the "**Summers Declaration**"). In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

**BACKGROUND**

3. On the date hereof (the "**Petition Date**"), the Debtors each filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Summers Declaration and is fully incorporated herein by reference.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.


**RELIEF REQUESTED**

5.     By this Motion, the Debtors seek entry of an order, substantially in the form of Exhibit A attached hereto, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of the Chapter 11 Cases for procedural purposes only.

**BASIS FOR RELIEF**

6.     Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates.  *See* Fed. R. Bankr. P. 1015(b)(4). Bankruptcy Code Section 101(2), in turn, defines the term "affiliate" in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

7.     Further, Local Rule 1015-1 provides, in part, that:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

8. The Debtors in the Chapter 11 Cases are Rentech, Inc. ("**Rentech, Inc.**") and its direct subsidiary, Rentech WP U.S. Inc. ("**Rentech WP**"). Rentech, Inc. is the direct, sole owner of Rentech WP. As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code Section 101(2) and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

9. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Chapter 11 Cases will affect both of the Debtors. The failure to jointly administer the Chapter 11 Cases would result in two individual case dockets and, inevitably, would lead to numerous duplicative filings for each issue, which would then be served upon separate service lists. This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court and the Debtors.

10. Joint administration of the Chapter 11 Cases will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed, and (b) file the papers in one case rather than in multiple cases. Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") in supervising these bankruptcy cases.

11. Further, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for both of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in both of the Chapter 11 Cases.

12. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 11 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it asserts a claim or right. Thus, all creditors will benefit from the reduced costs as a result of such joint administration.

13. Accordingly, the Debtors request that the official caption to be used by all parties on all pleadings and other filings in the jointly administered cases be as follows:

```
------------------------------------------------------------ x
In re:                                    :   Chapter 11
                                          :
Rentech WP U.S. Inc., et al.,¹            :   Case No. 17-12958 (_____)
                                          :
            Debtors.                      :   (Jointly Administered)
------------------------------------------------------------ x
```

---

¹ The Debtors, together with the last four digits of each Debtor's U.S. federal tax identification number, are: Rentech WP U.S. Inc. (7863) and Rentech, Inc. (7421). The address for the Debtors is 10880 Wilshire Boulevard, Suite 1101, Los Angeles, CA 90024.

As reflected in the above caption, footnote 1 will set forth the last four digits of Rentech, Inc.'s and Rentech WP's U.S. tax identification number, and the Debtors' mailing address.

14. In addition, to reflect the joint administration of the Chapter 11 Cases, the Debtors request that the Court make a separate entry on the docket of Rentech, Inc.'s Chapter 11 Case, substantially as follows:

> An order has been entered in this case consolidating this case with the case of Rentech WP U.S. Inc., Case No. 17-12958 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 17-12958 (___) should be consulted for all matters affecting this case.

15. The Debtors submit that use of this simplified caption, without reference to certain detail specified by Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n), will

5

eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.  Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request.  In addition, this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases.  Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

16. In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors.

17. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.  *See* Del. Bankr. L.R. 1015-1.  No party will be prejudiced by virtue of the relief requested in this Motion.  Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  Indeed, the relief requested herein is commonly granted by numerous courts, including this Court. *See, e.g., In re Aerogroup International, Inc.*, Case No. 17-11962 (KJC) (Bankr. D. Del. Sep. 18, 2017); *In re True Religion Apparel, Inc.*, Case No. 17-11460 (CSS) (Bankr. D. Del. Jul. 6, 2017); *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Jun. 27, 2017); *In re Nuverra Environmental Solutions, Inc.*, Case No. 17-10949 (KJC) (Bankr. D. Del. May 2, 2017); *In re BIND Therapeutics, Inc., et al.*, Case No. 16-11084 (BLS) (Bankr. D. Del. May 3, 2016); *In re Sports Authority Holdings, Inc.*, Case No. 16-10527 (MFW); *In re The Standard Register*

*Company*, Case No. 15-10541 (BLS) (Bankr. D. Del. Mar. 13, 2015); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del June 5, 2014); *In re Coldwater Creek Inc.*, Case No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014); *In re Tuscany International Holdings (U.S.A.) LTD.*, Case No. 14-10193 (KG) (Bankr. D. Del. Feb. 4, 2014).

18. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

**NOTICE**

19. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the prepetition term loan agent; (c) counsel to the prepetition term loan lenders; (d) the prepetition revolving loan lender; (e) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (f) the Internal Revenue Service; (g) the United States Attorney for the District of Delaware; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (i) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

20. A copy of this Motion is available on (a) the Court's website: www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, Prime Clerk LLC: www.primeclerk.com/rentech.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: December 19, 2017  YOUNG CONAWAY STARGATT & TAYLOR,
Wilmington, Delaware  LLP


 /s/ Michael R. Nestor
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
E-mail:  mnestor@ycst.com
  mlunn@ycst.com

- and -

Peter M. Gilhuly (*pro hac vice* admission pending)
Kimberly A. Posin (*pro hac vice* admission pending)
Adam E. Malatesta (*pro hac vice* admission pending)
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
E-mail:  Peter.Gilhuly@lw.com
  Kim.Posin@lw.com
  Adam.Malatesta@lw.com

Proposed Counsel for Debtors and
Debtors-in-Possession

**EXHIBIT A**

Proposed Order

US-DOCS\93871772.4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Rentech WP U.S. Inc., | : | Case No. 17-12958 (_____) |
| Debtor. | : | Tax I.D. No. 46-2647863 |
| In re: | : | Chapter 11 |
| Rentech, Inc. | : | Case No. 17-12959 (_____) |
| Debtor. | : | Tax I.D. No. 84-0957421 |

**ORDER UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1
AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of the Debtors for an order, under Bankruptcy Rule 1015 and Local Rule 1015-1, authorizing the joint administration of their Chapter 11 Cases; and the Court having reviewed the Motion and the Summers Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that good and sufficient cause exits for the relief set forth in this Order, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US-DOCS\93871772.4

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 17-12958 (\_\_\_) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The caption of pleadings and other documents filed in the jointly administered cases shall read as follows:

```
------------------------------------------------------ x
In re:                                                 :  Chapter 11
                                                       :
Rentech WP U.S. Inc., et al.,¹                         :  Case No. 17-12958 (_____)
                                                       :
            Debtors.                                   :  (Jointly Administered)
------------------------------------------------------ x
```

¹ The Debtors, together with the last four digits of each Debtor's U.S. federal tax identification number, are: Rentech WP U.S. Inc. (7863) and Rentech, Inc. (7421). The address for the Debtors is 10880 Wilshire Boulevard, Suite 1101, Los Angeles, CA 90024.

As reflected in the above caption, footnote 1 shall set forth the last four digits of Rentech, Inc.'s and Rentech WP's U.S. tax identification number, and the Debtors' mailing address.

4. The caption set forth above shall be deemed to satisfy any applicable requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n).

5. All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Rentech WP, Case No. 17-12958 (\_\_).

6. A docket entry shall be made in Rentech, Inc.'s Chapter 11 Case, substantially as follows:

> An order has been entered in this case consolidating this case with the case of Rentech WP U.S. Inc, Case No. 17-12958 (\_\_\_), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 17-12958 (\_\_\_) should be consulted for all matters affecting this case.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

2

8. This Order shall take effect immediately upon entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2017
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE